JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-798 PA (MANx) | Date | Feburary 4, 2011 |
|---|---|---|---|
| Title | Saif Hussain, et al. v. Coffman Engineers, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before this Court is a Notice of Removal filed by defendant Coffman Engineers, Inc. ("Defendant") on January 26, 2011. (Docket No. 1.) Plaintiffs Saif Hussain and Chandrakant Shinde's (collectively "Plaintiffs") Complaint asserts various causes of action against Defendant for employment discrimination under state law. Defendant asserts that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

Accordingly, in attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). The Notice of Removal notes that Plaintiffs' Complaint alleges that they are both residents of California, and claims that this demonstrates that they are also citizens of California. (Notice of Removal, ¶ 4.) However, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. Therefore, the Notice of Removal is insufficient to establish Plaintiffs' citizenship.

Defendant has also failed to meet its burden to establish that the amount in controversy exceeds

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-798 PA (MANx) | Date | Feburary 4, 2011 |
|---|---|---|---|
| Title | Saif Hussain, et al. v. Coffman Engineers, Inc. | | |

$75,000.  When an action has been removed, and the amount in controversy is in doubt, there is a "strong presumption" that plaintiff has not claimed an amount sufficient to confer jurisdiction.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)).  "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  "Conclusory allegations as to the amount in controversy are insufficient."  Id. at 1090-91.  "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]."  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

  Here the Complaint seeks damages in an unspecified amount, including loss of earnings, compensation for emotional distress, punitive damages, and attorneys' fees.  Defendant claims that Plaintiffs' lost earnings alone exceed $75,000 each.  To support this allegation Defendant submits the declaration of its counsel, who states that he has reviewed Plaintiffs' personnel files and assures the Court that Plaintiffs' alleged lost income exceeds $75,000.  Such statements are the type of conclusory allegations that are insufficient to prove the amount in controversy.  Defendant's counsel also declares that Plaintiffs' counsel has communicated a settlement demand on behalf of Hussain, and that the demand exceeds $75,000.  Settlement letters or other documents provided during mediation may form a basis for removal.  See Babasa v. LensCrafters, Inc., 498 F.3d 972, 975 (9th Cir. 2007).  However, district courts have generally held that oral statements cannot form a basis for removal.  See, e.g., Mendoza v. OM Fin. Life Ins. Co., No. C 09-01211 JW, 2009 WL 1813964 at *5 (N.D. Cal. June 25, 2009); Molina v. Lexmark Int'l, Inc., No. CV 08-04796 MMM (FMx), 2008 WL 4447678 at *17 (C.D. Cal. Sept. 30, 2008); Smith v. Bally's Holiday, 843 F. Supp. 1451, 1455 (N.D. Ga. 1994).  Defendant's counsel does not state whether the settlement demand was written or oral, but the Court notes that no written demand is attached to the Notice of Removal.  Absent any evidence of a written demand, Defendant fails to meet its burden to establish the amount in controversy.

  Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning citizenship or the amount in controversy, Defendant  has not met its burden to establish this Court's jurisdiction.  See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).  Accordingly this Court remands this action to Los Angeles County Superior Court, Case No. LC091847 for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.